**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TYROME K. WILSON,

    Plaintiff,

v.

                                    Case No. 10-15129

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION and            HONORABLE DENISE PAGE HOOD
BAC HOME LOANS SERVICING, LP
(f/k/a COUNTRYWIDE HOME LOANS
SERVICING, LP),

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
ORDER MOOTING MOTION FOR LEAVE TO FILE WITNESS LIST
and
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On December 27, 2010, Defendant The Federal Home Loan Mortgage Corporation ("Freddie Mac"), with the concurrence of co-Defendant BAC Home Loans Servicing, LP ("BAC"), f/k/a Countrywide Home Loans Servicing, LP ("Countrywide") (collectively "Defendants"), removed the Complaint filed by Plaintiff Tyrome K. Wilson ("Wilson") before the Wayne County Circuit Court, State of Michigan. Wilson brought the action to quiet title and for equitable relief on his principal residence located at 18139 Colgate Street, Dearborn Heights, Michigan. The Complaint is not separated out in counts but with the following headings: Failure to Name the Proper Foreclosing Party in Foreclosure Modification Notice MCL 600.2305a(1); Failure to Own Underlying Mortgage

Debt at the Time Foreclosure by Advertisement Commenced as required by MCL 600.3204(1)(d); and, Sheriff's Sale is Both Void Ab Initio and Voidable.

BAC foreclosed by advertisement the mortgage on the subject property by public sale conducted on April 14, 2010 at 1:00 p.m. (Comp., ¶ 9) Freddie Mac purchased the premises at the public sale for the sum of $109,000.00 and was granted a Sheriff's Deed. (Comp., ¶ 9) Wilson claims that at the time it instituted the foreclosure sale by way of a written notice dated September 16, 2009, BAC was not yet the foreclosing party because the subject mortgage and note were not yet sold, assigned and transferred to BAC. (Comp., ¶ 15) It was not until October 17, 2009 that BAC was assigned the Mortgage, which was after the written notice dated September 16, 2009 was sent to Wilson. (Comp., ¶ 17) Wilson argues that because BAC failed to comply with the prerequisite of ownership of the underlying Mortgage required by MCL 600.3204(1)(d), the Sheriff's Sale is void ab initio and voidable. (Comp., ¶¶ 17-18)

Wilson, along with his wife who is not a party to this action, executed a residential mortgage and promissory note with Countrywide, using the Colgate property to secure the debt. (Ex. A, Defendants' Br.) The mortgagee and record title holder to the mortgage was agreed to by the parties as Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*) Countrywide initially serviced the mortgage. (Ex. B., Defendants' Br.) BAC became the successor to Countrywide in 2009. (Ex. C, Defendants' Br.)

Wilson's mortgage was in default by September 2009 and was referred by BAC for foreclosure. BAC, as the servicing agent, sent a letter to Wilson dated September 16, 2009 indicating the initiation of foreclosure proceedings. (Ex. E, Defendants' Br., Ex. to Comp.) On October 17, 2009, MERS executed an assignment of the mortgage to BAC. (Ex. F., Defendants'

Br.) The foreclosure proceedings commenced with the first publication of notice of the sheriff's sale on October 19, 2009. (Ex. G., Defendants' Br.) The notice was posted on the property on October 23, 2009. (*Id.*) The Sheriff's Sale occurred on April 14, 2010, Freddie Mac having purchased the property and receiving a Sheriff's Deed. The six-month redemption period expired on October 14, 2010. Wilson did not exercise his right to redemption during the six-month period. On November 5, 2010, Freddie Mac filed eviction proceedings and, in response to the proceedings, Wilson filed the instant action challenging the foreclosure sale.

This matter is before the Court on cross-motions for summary judgment filed by Defendants and Wilson. Defendants filed a response to Wilson's Motion for Summary Judgment. No response was filed by Wilson to Defendants' Motion for Summary Judgment. Also before the Court is Plaintiff's Motion to File a Witness List, which is concurred to by Defendants.

**II.     ANALYSIS**

    **A.     Summary Judgment Standard**

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.  Foreclosure by Advertisement Statute

The issue in this case is whether BAC complied with the foreclosure by advertisement statute in Michigan. Wilson asserts that at the time BAC initiated the foreclosure proceedings, by way of the letter dated September 16, 2009 to Wilson, BAC did not have the authority to do so because the mortgage and note were not yet assigned to BAC. The assignment did not occur until October 17, 2009.

Defendants argue that BAC properly complied with the statute because by the time the Sheriff's Sale occurred on April 14, 2010, BAC had obtained the assignment of the mortgage and note as required by Michigan's foreclosure by advertisement statute.

The foreclosure by advertisement statute in Michigan, M.C.L. 600.3204(3), states:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist ***prior to the date of sale*** under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

M.C.L. 600.3204(3) (emphasis added). The "party foreclosing" on a mortgage is defined in M.C.L. 600.3204(1)(d) as: "either the owner of the indebtedness or an interest in the indebtedness secured

by the mortgage *or the servicing agent of the mortgage*." M.C.L. 600.3204(1)(d)(emphasis added).

There is no dispute that at the time BAC sent the September 16, 2009 letter to Wilson indicating its intention to foreclose on the property, BAC was the servicing agent of the mortgage. BAC had the authority to proceed under the foreclosure by advertisement statute, M.C.L. 600.3204(3) as the servicing agent. Wilson argues that because the mortgage was not yet assigned to BAC on September 16, 2009, BAC did not have the authority to initiate the foreclosure because M.C.L. 600.3204(3) required that the assignment of the mortgage occur prior to September 16, 2009. However, the plain language of the statute clearly indicates that the assignment of the mortgage must be properly evidenced *prior to the date of sale* under section 3216 (the Sheriff's Sale). The assignment was executed on October 17, 2009, filed with the Wayne County Register of Deeds on October 23, 2009, well before the April 14, 2010 Sheriff's Sale date. (Ex. F, Defendants' Br.) The case cited by Wilson, *Davenport v. HSBC Bank,* 275 Mich. App. 344 (2007), is inapplicable because that case involved a mortgage owner who initiated foreclosure proceedings before it became an owner of the mortgage. *Id.* at 346. In this case, the statute provides that the "party foreclosing" on a mortgage is defined as "either the owner of the indebtedness or an interest in the indebtedness secured by the mortgage *or the servicing agent of the mortgage.*" M.C.L. 600.3204(1)(d). There is no dispute that BAC was the servicing agent at the time the foreclosure was initiated. BAC properly complied with Michigan's foreclosure by advertisement statute.

The Complaint must be dismissed since there is no genuine issue of material fact that BAC complied with the statute and Wilson did not exercise his right to redemption after the April 14, 2010 Sheriff's Sale date.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Summary Judgment **(Doc. No. 10, filed 7/28/2011)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Doc. No. 11, filed 7/28/2011)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to file Witness List (filed as a Motion re Certificate of Service, Supplemental Brief, Motion for Summary Judgment) **(Doc. No. 14, filed 7/28/2011)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                                          s/Denise Page Hood  
                                          United States District Judge

Dated:  October 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2011, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry  
                                          Case Manager